**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BONNIE JO AMYETTE,

Plaintiff - Appellant,

v.

PROVIDENCE HEALTH SYSTEM, dba
Portland Providence Medical Center,

Defendant - Appellee.

No. 07-36016

D.C. No. CV-06-01704-ALH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted July 15, 2010[**]
Portland, Oregon

Before: GOODWIN, PREGERSON and WARDLAW, Circuit Judges.

Bonnie Jo Amyette appeals the summary judgment in favor of Providence

Health Systems ("PHS") on Amyette's claim of discrimination under the

Americans with Disabilities Act ("ADA"). The district court exercised jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

It is unlawful for covered employers to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "To prevail on a claim of unlawful discharge under the ADA, the plaintiff must establish that he is a qualified individual with a disability and that the employer terminated him because of his disability." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001).

Viewing the evidence in the light most favorable to Amyette, she has failed to raise a genuine issue as to whether she is "disabled" under the ADA. *See* Fed. R. Civ. P. 56 (summary judgment standard); *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004) (de novo review). "Disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Amyette argues that she has a mental health condition that substantially limits her ability to engage in the major life activity of working. To be "substantially limited" in one's ability to work, one must be "significantly restricted in the ability to perform either

a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i).

Accordingly, Amyette "'must present specific evidence about relevant labor markets to defeat summary judgment' and 'identify what requirements posed by the class of . . . jobs . . . were problematic in light of the limitations imposed on her.'" *Walton v. U.S. Marshals Serv*. 492 F.3d 998, 1009 (9th Cir. 2007) (quoting *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 795–96 (9th Cir. 2001)). Amyette has failed to do so. The record is devoid of evidence that Amyette is limited in her ability to perform a class of jobs. At most, Amyette has shown that she is substantially limited in her ability to work alongside her colleague, Kay Andrews, with whom she has an adversarial relationship. This is insufficient to satisfy the "disability" element of an ADA claim. *See* 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."); *Walton*, 492 F.3d at 1009 (9th Cir. 2007).

Amyette argues that a jury might conclude that she is disabled because doctors and medical examiners previously diagnosed her with adjustment disorder, hypertension, and depression. We recognize that mental health conditions of this

3

nature may be very serious, and we in no way discount the challenges that Amyette may have faced in her efforts to overcome them. Under the ADA, however, "disability" is a carefully defined term of art, which is measured by reference to limitations on major life activities, not by reference to doctors' past assessments of the plaintiff's condition. *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110-325 ("It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment."). Regardless of whether Amyette has shown or could show that she is "disabled" in the ordinary sense of the word, she has not provided any evidence that she is "disabled" as that term is defined by statute. *See Walton*, 492 F.3d at 1009 ("Walton does not meet the evidentiary standard set out in *Thornton* because she relies solely on Dr. Chelton's letter, Dr. Sweetow's expert report and Dr. Cook's report on auditory localization, none of which expresses any opinion about relevant labor markets or Walton's particular training, knowledge, skills or abilities.").

**AFFIRMED**.